EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE
2011 SEP 21 A 9:51
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
The Geo Group, Inc.

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jemaya Hudson

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, San Diego
330 W. Broadway
San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*
37-2011-00098161-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Danielle L. Jackson, SBN 243088, 525 B Street, Suite 1500, San Diego, Ca 92101, 619-569-8121

DATE: SEP 21 2011 Clerk, by R. Babers, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:
under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Jemaya Hudson | |
| DEFENDANT(S): The GEO Group Inc | |
| SHORT TITLE: HUDSON VS. THE GEO GROUP INC | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2011-00098161-CU-OE-CTL |

Judge: Richard E. L. Strauss

Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ____________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ____________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ____________________

Date: ____________________

Date: ____________________

Name of Plaintiff

Name of Defendant

Signature

Signature

Name of Plaintiff's Attorney

Name of Defendant's Attorney

Signature

Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 09/21/2011

JUDGE OF THE SUPERIOR COURT

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.




# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00098161-CU-OE-CTL CASE TITLE: Hudson vs. The GEO Group Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**

- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**

- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7075

PLAINTIFF(S) / PETITIONER(S): Jemaya Hudson

DEFENDANT(S) / RESPONDENT(S): The GEO Group Inc

HUDSON VS. THE GEO GROUP INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2011-00098161-CU-OE-CTL |
|---|---|

Judge: Richard E. L. Strauss

Department: C-75

COMPLAINT/PETITION FILED: 09/21/2011

**ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING TICKETS APPEALS AND CASES ASSIGNED TO THE PROBATE DIVISION.**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

Danielle L. Jackson, State Bar No. 243088
THE JACKSON LAW FIRM
525 B Street, Suite 1500
San Diego, California 92101
(619) 569-8121
(619) 793-4922

Attorney for Plaintiff
JEMAYA HUDSON

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2011 SEP 21 A 9:5

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

JEMAYA HUDSON,
Plaintiff,

v.

THE GEO GROUP, INC., and DOES 1-100, inclusive,
Defendants.

Case No.: 37-2011-00098161-CU-OE-CTL

Complaint for Damages for:

1. Violation of Government Code §12945 (b)(1)
2. Breach of Implied Covenant of Good Faith and Fair Dealing.

Comes now the Plaintiff, JEMAYA HUDSON (hereinafter referred to as "Plaintiff"), files this complaint against The Geo Group, Inc. (hereinafter referred to as "Defendant") in support thereof alleges the following:

**PARTIES AND VENUE**

1. Plaintiff, JEMAYA HUDSON, is a resident of San Diego County. Plaintiff sues in her individual capacity. Between April 3, 2006 to June 19, 2011, and all times relevant to the facts of alleged herein, JEMAYA HUDSON, was an employee of.the

Defendant. At all times relevant to the facts alleged herein, Plaintiff was hired and later terminated holding the position of Correctional Officer.

2. At all times material to this complaint, Defendant, The Geo Group, Inc. was a business entity doing business at 220 West "C" Street, San Diego, California 92101, in the County of San Diego. On information and belief, The Geo Group, Inc., maintains records relevant to Plaintiff's employment and the claims herein in the Human Resources Office. On information and belief, The Geo Group, Inc., employs in excess of forty (40) employees in San Diego County.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the conduct of such defendants.

4. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each of the defendants was functioning as the agent, servant, partner, employee and/or working in concert with his, her or its co-defendants and was acting within the course and scope of such agency, partnership, employment and/or concerted activity. To the extent that certain acts and omissions were perpetrated by certain defendants, the remaining defendants confirmed and ratified said acts and omissions of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his, her or its authority as such agent, servant, partner, and employee with the permission, consent and ratification of the co-defendants.

5. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was completely dominated and controlled by his, her or its co-defendant and each was the alter ego of the other.

6. Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or defendants, such allegations and reference shall also be

deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as plaintiff or defendants in this complaint but who were employees/agents of defendant A, such individuals at all relevant times acted on behalf of defendant A within the course and scope of their employment.

7. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, defendants and each of them, and/or their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

8. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, defendants and each of them, and/or their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

9. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, defendants, and/or their agents/employees knew or reasonably should have known that unless they intervened to protect plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of defendant A set forth above, the remaining defendants and employees perceived the conduct and omissions as being ratified and condoned.

## FACTUAL SUMMARY

10. On June 19, 2011, Mrs. Hudson was working in the control box on the third floor, during the first shift. She had been placed in the control box by her supervisor the week prior. This post was vacant because the individual who normally worked in the control box during the first shift, was and is currently still out on maternity leave. Nonetheless, on June 19th, while Mrs. Hudson was working in the control box, she was informed that she needed to switch posts with her co-worker who was working on the floor. At that time, Mrs. Hudson informed Sergeant Schneider that she had a medical condition (e.g., pregnancy) that prevented her from working on her feet for eight (8) hours and that she was taking her doctor's note to Human Resources on Monday.

11. Approximately an hour later Mrs. Hudson was called into the Lieutenant's Office. After leaving the Lieutenant's Office, Mrs. Hudson took her doctor's note dated June 17, 2011 to Maria in the Human Resources Department. The doctor's not stated that during Mrs. Hudson's had been diagnosed as having a high risk pregnancy and should avoiding lifting greater than ten pounds, avoid standing or sitting for greater than an hour without position change, and avoid climbing more than two (2) stairs levels. Thus, based upon the advice of her physician, Mrs. Hudson requested that she have a sit down post until she is due to leave for her maternity leave; since there was one available. The Human Resources Department instructed Mrs. Hudson to go to the Chief of Security, who sent Mrs. Hudson back to the Human Resources Department.

12. Upon Mrs. Hudson's return to the Human Resources Department, she was informed that both the Warden and the Human Resources Department felt that she should go home. Mrs. Hudson was sent home, because according to the Human Resources Department they did not have any sit down posts and before leaving the facility Plaintiff was forced by Maria in Human Resources to sign a release stating that the time that she will be off, shall be deemed her FMLA leave. Plaintiff's FMLA leave was purportedly from June 21, 2011 until October 12, 2011, although the

13. The following day, on June 20, 2011, Mrs. Hudson called and spoke to Maria in the Human Resources Department and inquired about the sit down post. She was informed yet again that they do not have any posts to accommodate the requests of her healthcare provider. Shortly thereafter, Maria in the Human Resources Department told her to get her doctor's note changed and she'd be able to return. To date, neither Maria in Human Resources nor any other individual within The Geo Group, Inc. has contacted my client regarding her request for a sit down post.

////

////

**FIRST CAUSE OF ACTION**

**(Violation of Government Code § 12945 (b)(1) against ALL Defendants)**

14. The allegations set forth in Paragraphs 1 through 13 are realleged and incorporated herein by reference.

15. At all times herein mentioned, Defendants employed 40 or more persons, and Government Code § 12945 (b)(1), were in full force and effect and were binding on Defendants. This section finds that it shall be a unlawful employment practice, for an employer to refuse to provide reasonable accommodations for an employee for conditions related to pregnancy, childbirth, or related medical conditions, if the employee so requests, with the advice of her healthcare provider.

16. At all times herein, the Plaintiff was approximately 10 weeks pregnant. At material times hereto, Plaintiff efficiently performed her duties and responsibilities as expected by Defendants.

17. Plaintiff believes and thereon alleges that her pregnancy was the sole factor in Defendant's adverse employment actions including forcing her to sign a release that she was taking her FMLA leave, refusing to allow her to remain in the control box or any other post in compliance with her healthcare advisors restrictions until her actual FMLA leave, and their refusal to allow the Plaintiff to return to work. Such unlawful employment practices are in direct violation of Government Code section 12945 (b)(1) and has resulted in damage and injury to Plaintiff as alleged herein.

18. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with the aforementioned section and received a right-to-sue letter.

19. As a proximate result of Defendants' willful, knowing, and intentional violation of the law, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

20. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained severe mental anguish and emotional distress, and a loss of earnings.

Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

21. Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

**SECOND CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith and Fair Dealing against ALL Defendants)**

22. The allegations set forth in Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. The employment agreement, handbook, and all employment documents signed by the Plaintiff and representatives of the Defendants, contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the aforesaid documents fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from performing any and all of the conditions of her position that she agreed to perform, or any act that would deprive Plaintiff of the benefits of the aforesaid employment documents.

24. Plaintiff performed all the duties and conditions of the employment documents.

25. Defendants knew that Plaintiff had fulfilled all her duties and conditions under the said employment documents.

26. Defendants breached the implied covenant of good faith and fair dealing under the said employment documents by causing Plaintiff's termination intentionally, in bad faith and for reason extraneous to the aforementioned employment documents. Plaintiff is informed and believes, and thereon alleges, that Defendants terminated Plaintiff without good, just, or legitimate cause. Plaintiff is further informed and believes

and thereon alleges that Defendants terminated her employ because, among other things, her pregnancy.

27. As a proximate result of Defendants' breach of implied covenant of good faith and fair dealing, Plaintiff has suffered , and continued to suffer, looses in earnings and other employment benefits, and consequential economic damages to her damage in an amount to be shown according to proof.

WHEREFORE, Plaintiff, JEMAYA HUDSON, prays for judgment against Defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION**

1. General Damages in a sum according to proof;
2. Special Damages including loss of income;
3. Punitive Damages; and
4. For interest provided by law including, but not limited to, Civil Code Section 3291.

**SECOND CAUSE OF ACTION**

1. Special Damages including loss of income, earnings, benefits, and other consequential damages in a sum according to proof;
2. For interest provided by law including, but not limited to, Civil Code Section 3291; and
3. Costs of suit and for each other and further relief as the Court deems just and proper.

Dated: 9/16/11

DANIELLE L. JACKSON, ESQ.
Attorney for Plaintiff
JEMAYA HUDSON